## In re Gross

*N. B. Spangler* and *Ivan Walker*, for rule; *John G. Love*, contra.

FLEMING, P. J., November 21, 1931.—Maxine Gross, the minor in this case, is an illegitimate child, born January 4, 1927, to Myrtle Clemens. The putative father is Robert Gross, of Bellefonte, Pa. Prior to the birth of said child, information was made against Robert Gross, charging him with fornication and bastardy, to which charge the said Robert Gross entered a plea of guilty and was sentenced to pay costs of prosecution, hospital, doctor and other lying-in expenses and to pay the prosecutrix an indeterminate amount for the support of her child. A bond in the sum of $500 for the faithful performance of the court's order was directed, and on May 12, 1927, John W. Gross, of Bellefonte, Pa., became surety upon such bond.

Subsequently Myrtle Clemens became the wife of Charles Heverly, and the pair engaged in housekeeping, Maxine Gross becoming a member of the household. Another child was born in wedlock to Myrtle Clemens and Charles Heverly, her husband. Still later, the conduct of the said Myrtle Clemens became exceedingly immoral and she voluntarily left the domicile of her husband, tak-

ing with her the said Maxine Gross, but leaving the child born in wedlock with her husband, Charles Heverly. Incidentally, we may mention, that custody of this last-named child has been awarded to the father, Charles Heverly, and he is now and has been supporting and maintaining it.

It appears that at the time of the marriage of Charles Heverly and Myrtle Clemens the said Myrtle Clemens told her husband, before such marriage, of the parentage of Maxine Gross, and that Robert Gross, the putative father, was to pay approximately $2 per week for her support. Heverly contends that he did not accept such child as his own at the time of marriage, but that he took it upon his wife's representation that Gross would pay the support ordered by the court. The attitude of the mother of the child, both during her residence with her husband and since, indicates that Heverly was never put in loco parentis to the child in question. Had he been thus placed, he would have become responsible for it: Com. v. Goodfellow, 71 Pitts. L. J. 818. The case at bar is to be distinguished from a case where a mother of an illegitimate child subsequently marries and such child is admitted to the home of the stepfather and later the wife and mother sues for support and maintenance, the husband being at fault. Here, the mother is wholly at fault, and has, of her own will, removed herself and her illegitimate child from the domicile of the stepfather.

The fact that Robert Gross, in his sexual indulgences with Myrtle Clemens, contracted a venereal disease which caused him to expend money in effecting a cure offers no reason why maintenance of his child should be imposed upon Heverly. Heverly, too, has experienced grief over the immoral and promiscuous actions of his wife. While, fortunately for him, this has not been physical grief, it has been mental distress, which is as bad. Gross, by his plea of guilty, has admitted the fatherhood of the child, and, in the absence of any proof tending to show that Heverly was placed, either by his own act or otherwise, in loco parentis, there can be no grounds upon which to hold him responsible. Gross remains liable, and his bond is responsible for his faithful performance of the court's order.

And now, November 21, 1931, rule to show cause is dismissed. Robert Gross to pay the costs. From S. D. Gettig, Bellefonte, Pa.